**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTINA PEREZ-LOPEZ, AKA Amelia Cristina Perez-Lopez, | Nos. 18-71417 19-71606 |
| Petitioner, | Agency No. A205-595-140 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Cristina Perez-Lopez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 18-71417) and the BIA's order denying her motion to reopen (petition No. 19-71606). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review in No. 18-71417, and we deny the petition for review in No. 19-71606.

As to petition No. 18-71417, the agency did not err in concluding that Perez-Lopez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Perez-Lopez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Perez-Lopez failed to show it is more likely than not she would be tortured by or

with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Perez-Lopez requests, in her opening brief, to take judicial notice of country condition reports that were not submitted to the agency, the request is denied. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

To the extent Perez-Lopez argues that the IJ improperly afforded her testimony less evidentiary weight, we lack jurisdiction to consider the contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Perez-Lopez's request, raised in her opening brief, to remand for a determination on her asylum eligibility in the first instance based on her claimed membership in the class identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), is denied because the record indicates the agency made a determination as to the merits of Perez-Lopez's asylum application.

As to petition No. 19-71606, the BIA did not abuse its discretion in denying Perez-Lopez's motion to reopen, where she did not establish that membership in the class identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), would affect the outcome of her proceedings. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("The BIA can deny a motion to reopen on any one of at

18-71417

least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." (internal quotation marks and citation omitted)).

As stated in the court's July 20, 2018 and July 10, 2019 orders, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION NO. 18-71417 DENIED in part; DISMISSED in part.**

**PETITION NO. 19-71606 DENIED.**